## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | | |
|---|---|---|
| LEVI DOMAN, | ) | |
| | ) | |
| **Petitioner,** | ) | |
| v. | ) | **Civil Action No. 1:23-00480** |
| | ) | |
| STEVEN MNUCHIN, *et al.*, | ) | |
| | ) | |
| **Respondents.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's "Motion for Writ of Mandamus and to Issue an Order to Show Cause." (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Motion, the undersigned finds and hereby respectfully recommends that Petitioner's Motion should be denied.

### FACT AND PROCEDURE

On July 10, 2023, Petitioner, acting *pro se*,[1] filed his "Motion for Writ of Mandamus and to Issue an Order to Show Cause" pursuant to 28 U.S.C. § 1361. (Document Nos. 1 and 2.) As Respondents, Petitioner names "Steven Mnuchin, Secretary of the U.S. Department of Treasury, et al." (Document No. 1, p. 1.) Petitioner states that he "presented the necessary 1040 forms to Respondents to receive the advance refund payment pursuant to the Coronavirus Aid, Relief, and Economic Security Act." (Id.) Petitioner asserts that even though Respondents "were required to

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

distribute economic stimulus refunds rapidly pursuant to 26 U.S.C. § 6428(f)(3)(A), Petitioner has yet to receive his six hundred, twelve hundred, or fourteen hundred rapid economic stimulus refund checks." (Id.) Citing Scholl v. Mnuchin, Petitioner concludes that he is entitled to the payment of his stimulus refund checks because the "I.R.S. and Treasury Department are prohibited from withholding benefits from the Coronavirus Aid Relief and Security Act to incarcerated individuals." (Document No. 2.) Accordingly, Petitioner requests either the payment of his stimulus checks or an order to show cause "requiring Respondents to show why they have not dispersed Petitioner his fourteen hundred, twelve hundred, and six hundred dollar economic stimulus checks Petitioner is entitled to by law." (Document No. 1, p. 2.)

## ANALYSIS

Title 28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 18 U.S.C. § 1361. The remedy of mandamus, however, "is a drastic one, to be invoked only in extraordinary circumstances." Kerr v. United States District Court, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); also see United States v. Moussaoui, 333 F.3d 509, 516-17 (4th Cir. 2003). Mandamus relief is only available when three elements coexist: "(1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available." Gant v. FBI, 992 F.Supp. 846 (S.D.W.Va. Feb. 12, 1998)(J. Haden)(citing In re First Federal Savings & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988)); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987)(internal quotations omitted)("The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means

2

to attain the relief he desires and that his right to such relief is clear and indisputable."). Furthermore, mandamus will only be issued in cases where "the alleged duty to act involves a mandatory or ministerial obligation which is so plainly prescribed as to be free of doubt." In re First Federal Savings & Loan Ass'n, 860 F.2d at 138; also see Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina, 551 F.2d 559, 562 (4th Cir. 1977)(A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable.").

In the instant case, Petitioner is requesting an order compelling Respondents to issue payment of his stimulus checks. Specifically, Plaintiff appears to argue that Respondents have improperly denied him the Economic Impact Payments ("EIPs") or stimulus checks that were authorized by the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), 26 U.S.C. § 6428(a)(1), the Consolidated Appropriations Act of 2021 ("CAA"), 26 U.S.C. § 6428A(a)(1), and the American Rescue Plan Act ("ARPA"), 26 U.S.C. § 6428B. The CARES Act provided for a tax credit of $1,200 to eligible individuals. 26 U.S.C. § 6428(a). An "eligible individual" was defined as "any individual other than - - (1) any nonresident alien individual, (2) any individual with respect to whom a deduction under section 151 is allowable to another taxpayer for a taxable year beginning in the calendar year in which the individual's taxable year begins, and (3) an estate or trust." 26 U.S.C. § 6428(d). The CARES Act provided for payment of an "advance refund" to be disbursed "as rapidly as possible," but it expressly prohibited any refund or credit after December 31, 2020. 26 U.S.C. § 6428(f)(2) - (3). On May 6, 2020, the IRS published responses to

3

"Frequently Asked Questions" on their website stating that incarcerated persons do *not* qualify for an EIP. See Scholl v. Mnuchin, 489 F.Supp.3d 1008, 1022 (N.D.Cal. Sept. 24, 2020), appeal dismissed, 2020 WL 9073361 (9ᵗʰ Cir. Nov. 20, 2020). On June 18, 2020, the IRS updated its internal procedures manual to reflect the policy of excluding incarcerated person from EIP eligibility. Id. Effective December 27, 2020, the CAA provided for a second tax credit of $600 that was authorized to be paid as an EIP to eligible individuals. 26 U.S.C. § 6428A(a) – (f). Under the CAA, the Secretary of the Treasury was directed to issue the credit "as rapidly as possible" but no refund or credit was to be made after January 15, 2021. 26 U.S.C. § 6428A(f)(3)(A)(i) - (ii). Effective March 11, 2021, the ARPA provided for a third EIP in the amount of $1,400 to eligible individuals. 26 U.S.C. § 6428B(b). Under the ARPA, the Secretary of the Treasury was similarly directed to issue the credit "as rapidly as possible" but no refund or credit was to be made or allowed after December 31, 2021. 26 U.S.C. § 6428B(g)(3).

In response to the IRS's position that incarcerated individuals were not eligible for the EIPs (or stimulus checks), a group of prisoners filed a class action in the United States District Court for the Northern District of California thereby initiating Scholl v. Mnuchin. In Scholl v. Mnuchin, 489 F.Supp.3d 1008, 1022 (N.D.Cal. Sept. 24, 2020) ("Scholl I"), plaintiffs filed a class action alleging a violation of the CARES Act, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 and 706, and Little Tucker Act, 28 U.S.C. § 1346(a)(2). Scholl I, 489 F.Supp.3d at 1020. The plaintiffs sought to certify a class of all incarcerated individuals across the United States since March 27, 2020 that met the eligibility requirements in the CARES Act. Id. The plaintiffs further requested a preliminary injunction to enjoin officials from the Department of Treasury and the IRS from enforcing the policy of excluding plaintiffs, and proposed class members, from receiving

4

EIPs based on their incarceration status. Id. at 1023. The Court granted plaintiffs' motion for class certification and motion for preliminary injunction. Id. Specifically, the class was certified to include all United States citizens and legal permanent residents who:

> (a)    are or were incarcerated . . . in the United States, or have been held to have violated a condition or parole or probation imposed under federal or state law, at any time from March 27, 2020, to the present;
> (b)    filed a tax return in 2018 and 2019, or were exempt from a filing obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year;
> (c)    were not claimed as a depend on another person's tax return; and
> (d)    filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.

Id. at 1047. As to the preliminary injunction, the Court enjoined the defendants from withholding benefits pursuant to 26 U.S.C. § 6428 from plaintiffs or any class member on the sole basis of their incarceration status. Id.

In Scholl v. Mnuchin, 494 F.Supp.3d 661 (N.D.Cal. Oct. 14, 2020) ("Scholl II"), the Court vacated the defendants' policy of withholding EIPs from individuals based solely on their incarceration status after finding that such violated the APA. Scholl II, 494 F.Supp.3d at 669. The Court granted final class certification and a permanent injunction from withholding benefits pursuant to 26 U.S.C. § 6428 from plaintiffs or any class member on the sole basis of their incarceration status. Id. at 693. The Court, however, clarified that "this is not a tax refund action; rather, plaintiffs' claims are grounded in the APA and challenge the IRS's interpretation of the CARES Act and the procedures by which the IRS arrived at is interpretation." Id. at 691. The Court emphasized that it took "no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments." Id. The Court concluded that "[i]t is incumbent on the IRS, as the agency charged by Congress, to make individual determinations

5

whether an individual is an 'eligible individual' and meets the various criteria delineated in the Act." Id.

Although Petitioner may be a member of the class certified in Scholl II, Scholl II provides no basis for this Court to find that Petitioner has a "clear right" to EIPs or stimulus checks from Respondents. Contrary to Petitioner's claim, the United States District Court for the Northern District of California did *not* order the IRS to provide inmates with EIPs or stimulus checks. See Carpenter v. Internal Revenue Service, 2023 WL 1805138, * 3 (N.D. Cal. Feb. 7, 2023)(finding plaintiff was not "entitled to relief to the extent he seeks the court to compel the IRS to provide his EIPs pursuant to *Scholl* or the CARES Act" because the *Scholl* "court was clear that it took no position on whether individual incarcerated plaintiffs were owed the EIP."); Ballard v. U.S. Treasury Dept., 2022 WL 794697, * 4 (E.D.N.C. Jan. 6, 2022), report and recommendation adopted, 2022 WL 785041 (E.D.N.C. March 14, 2022)(finding the "*Scholl* case did not, as Ballard contends, rule that all prisoners were entitled to receive an EIP if a tax return was filed by October 2020; rather, the *Scholl* court found that the defendants' policy of categorically withholding EIPs from individuals solely on the basis of their incarcerated status violated the APA, enjoined defendants from enforcing the policy, and required defendants to reconsider EIPs to eligible incarcerated individuals based on information available to the IRS.") Additionally, neither the CARES Act nor the CAA nor the ARPA provide for a private right of action. See Byers v. Rettig, 2022 WL 3205184, * 4 (W.D.N.C. Aug. 8, 2022)("To the extent that the Plaintiff asks the Court to compel the IRS to provide EIPs, he is not entitled to assert a private cause of action for disbursement of these funds."); Bynoe v. Yellen, 2022 WL 1516592, * 5 (D. Nev. Jan. 5, 2022), report and recommendation adopted, 2022 WL 1014982 (D. Nev. April 5, 2022)("[I]t does not

appear that a private cause of action can be maintained under the legislation authorizing the disbursement of these funds. The laws do not indicate that there is a private cause of action for non-receipt of [EIP] funds."); Breton v. Mnuchin of IRS, 2021 WL 5086400, * 3 (D.Conn. Nov. 2, 2021)(finding that the CARES Act does not provide for a private right of action); Puckett v. U.S. Dept. of Treasury Internal Revenue Service, 2021 WL 2550995, * 2 (N.D.Ohio June 22, 2021)("The CARES Act did not establish a private right of action to dispute the IRS's determination of an individual's eligibility for the EIP."); Phelps v. Mnuchin, 2021 WL 2138506, * 4 (N.D. Ind. May 26, 2021)("there is no suggestion there is a private cause of action under the CARES Act for receipt of specific non-disbursed funds, and '[i]t is not this Court's function to raise up a cause of action where a statute has not created one.'"). Finally, the express terms of the CARES Act, CAA, and ARPA prohibit the distribution of funds after December 31, 2020, January 15, 2021, and December 31, 2021. 26 U.S.C. §§ 6428(f)(3), 6428A(f)(A)(ii), and 6428B(g)(3); also see Byers, 2022 WL 3205184, * at 4 (Since the deadlines set forth in the CARES Act, CAA, and ARPA "have now passed, and no more funds may be issued, the Plaintiff cannot obtain the relief that he requests."); Carpenter, 2023 WL 1805138, * 3(finding that "funds cannot now be distributed pursuant to the CARES Act" because it imposed a deadline of December 31, 2020, for EIPs to be made or allowed); Martinez v. IRS, 2021 WL 5823525, * 3 (N.D.Cal. Dec. 8, 2021)(dismissing case as frivolous where plaintiff sought "to compel the IRS to issue EIPs because the *Scholl* court "took no position on whether individual incarcerated plaintiffs were owed the EIP . . . That responsibility fell to the IRS to make an individual determination. More importantly, funds cannot now be distributed pursuant to the CARES Act."); Breton, 2021 WL 5086400, * at 3 (Even assuming the CARES Act provides a private cause of action, "the issue whether Breton is

owed payments is moot. EIPs are no longer available because the CARES act imposed a deadline of December 31, 2020 for payments to be made or allowed. That deadline is now passed, and no more funds may be issued."); Puckett, 2021 WL 2550995, * at 3("[E]ven if there were a private cause of action under the CARES Act, funds cannot now be distributed for the EIP. As noted above, the CARES Act imposed a deadline of December 31, 2020, for EIPs to made or allowed.")

Based upon the foregoing, the undersigned finds that Petitioner has failed to meet the stringent requirements for invoking a Writ of Mandamus and respectfully recommends that the District Court denied his "Motion for Writ of Mandamus and to Issue an Order to Show Cause" (Document No. 1).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's "Motion for Writ of Mandamus and to Issue an Order to Show Cause" (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: November 21, 2023.

Omar J. Aboulhosn
United States Magistrate Judge

9